596 F.2d 896
 202 U.S.P.Q. 354
 AMERICAN PETROFINA, INCORPORATED, American Petrofina Company
of Texas and American Petrofina Exploration
Company, Plaintiffs-Appellees,
v.
PETROFINA OF CALIFORNIA, INC., and Leigh A. Ross,
Defendants-Appellants.
 No. 76-1429.
 United States Court of Appeals,
Ninth Circuit.
 May 11, 1979.
 
 Charles E. Wills (argued), Los Angeles, Cal., for defendants-appellants.
 Rynn Berry (argued), New York City, for plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before CHAMBERS, ELY, and WALLACE, Circuit Judges.
 ELY, Circuit Judge:
 
 
 1
 The appellees, plaintiffs below, moved that a summary judgment be granted in their favor. The District Court granted the motion, enjoining the appellants from continuing to use any derivation of the names "PETROFINA" or "FINA" as part of the trade name or trademark of Petrofina of California. We affirm.
 
 
 2
 The complaint filed in the District Court consisted of four counts.[1] Detailed discussion of the four separate counts is needless. This is because if the appellees prevailed on any one of the counts, they would be entitled to the injunctive relief granted by the District Court.[2]
 
 
 3
 We have carefully reviewed the records. That review convinces us that the District Court was correct in concluding that no genuine issue of triable fact existed as to whether appellants infringed upon the respective rights of the three plaintiffs in their PETROFINA trade name under California law. That such an illegal misappropriation occurred is apparent to us, as it was obviously apparent to the District Court.
 
 
 4
 Under both California common law and statutes,[3] whosoever first adopts and uses a trade name, either within or without the state, is its original owner. Weatherford v. Eythison, 90 Cal.App.2d 379, 202 P.2d 1040 (1949). It is undisputed that the appellees adopted and used the PETROFINA trade name long before the appellants' first use of the name.[4]
 
 
 5
 Under California statutes, the first person (or corporation) either to file a fictitious name certificate or to qualify as a foreign corporation to conduct business in California, and actually use the fictitious name or corporate name, is entitled to a presumption that he (or it) has an exclusive right to use that name as well as any confusingly similar name as a trade name. Cal.Bus. & Prof.Code §§ 14411,[5] 14415,[6] and 14416.[7] By virtue of their prior filings and their actual and continuous use of the PETROFINA name, the appellees were entitled to the benefit of the statutory presumption. Moreover, as our court once wrote, "(t)he property right in a trade name will be recognized perhaps even more readily when, as here, it embodies the distinctive part of the owner's corporate name." Stork Restaurant v. Sahati, 166 F.2d 348, 353 (9th Cir. 1948).
 
 
 6
 As owner and user of the corporate and trade name PETROFINA, the appellees were entitled to the injunctive relief granted by the District Court against appellants' continued use of the PETROFINA name or any of its variations, even though appellants' adoption of the name may have been innocent. See Golden Door, Inc. v. Odisho, 437 F.Supp. 956, 966-67 (N.D.Cal.1977) (having established ownership, plaintiff held entitled to injunctive relief under Cal.Bus. & Prof.Code § 14402, even though use of name "Golden Door" by defendant was in geographically distinct area; California trade name statute does not require that plaintiff prove secondary meaning or actual confusion); See also Schwartz v. Slenderella Systems of California, 43 Cal.2d 107, 271 P.2d 857, 860 (1954) ("Since the decision in Academy of Motion Pictures, etc. v. Benson, 15 Cal.2d 685, 104 P.2d 650 (1940), it is established . . . that injunctive relief against the unfair use of a trade name may be obtained in situations other than where the parties are in direct competition. (citations omitted)").
 
 
 7
 Accordingly, the injunctive relief was appropriately granted by the District Court.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The amended and supplemental complaint charged as follows:
 Count One: Infringement of United States registered trademarks and service marks, in violation of 15 U.S.C. §§ 1114 Et seq.;
 Count Two: Infringement of trademark, service mark and trade name under California common law and statutes (Cal.Bus. & Prof.Code §§ 14330, 14400 and 14402; Cal.Corp.Code § 310);
 Count Three: Dilution of the distinctive quality of trademark, service mark and trade name under the California anti-dilution statute (Cal.Bus. & Prof.Code § 14330);
 Count Four: Unfair Competition, in violation of 15 U.S.C. § 1125(a), Cal.Civ.Code § 3369, and common law.
 
 
 [2]
 The appellees originally sought both damages and injunctive relief for the misappropriation of the FINA trade name. Pursuant to leave of the District Court, appellees amended their complaint to eliminate any claims for the recovery of monetary damages. For decision, therefore, the only remaining issue was the propriety of injunctive relief
 
 
 [3]
 Cal.Bus. & Prof.Code § 14400 reads as follows:
 § 14400. Original Owner. Any person who has first adopted and used a trade name, whether within or beyond the limits of this State, is its original owner.
 
 
 [4]
 American Petrofina, Inc., was organized and commenced business as a marketer of petroleum products and services on October 1, 1956. American Petrofina Company of Texas was formed in June of 1958 and adopted the trade name and tradmarks of its parent company, American Petrofina, Inc. It has operated continuously since its organization as a general oil and gas producing and distribution business. American Petrofina Exploration Company was formed in June of 1964 and has operated continually since that time under the PETROFINA trade name as a petroleum products exploration and production business
 Appellants' adoption of the PETROFINA OF CALIFORNIA name did not occur until January 17, 1967, after the appellee Ross had filed a fictitious name certificate in Los Angeles County under that name. In contrast, American Petrofina, Inc., has been qualified as a foreign corporation to conduct business in California continuously since obtaining a certificate of qualification on January 2, 1957. American Petrofina Company of Texas likewise has been qualified to conduct business in California since obtaining its certification on November 2, 1964, and American Petrofina Exploration Company has been so qualified since April 23, 1965. All of the companies have maintained local authorized agents to accept service of process since the dates of their respective qualifications to do business in California.
 American Petrofina Company of Texas drilled and operated oil and gas wells from December 1964 until 1968 in Ventury County, California, on oil and gas leases owned by it. Since 1973, it has operated a gas station in Yreka, California. American Petrofina Exploration Company's petroleum exploration activities in California have been even more extensive. From 1965 to date it has invested in and commenced drilling operations pursuant to various oil and gas leases in several California counties, including Los Angeles County.
 All the appellees have maintained a corporate presence in Los Angeles County by appointing an agent there for service of process; thus, each has established a principal business office for California in Los Angeles County.
 
 
 [5]
 Cal.Bus. & Prof.Code § 14411 reads as follows:
 § 14411. Fictitious business name or confusingly similar trade name; rebuttable presumption of exclusive right to use by registrant
 The filing of any fictitious business name statement by a person required to file such statement pursuant to Section 17910 shall establish a rebuttable presumption that the registrant has the exclusive right to use as a trade name the fictitious business name, as well as any confusingly similar trade name, in the county in which the statement is filed, if the registrant is the first to file such a statement containing the fictitious business name in that county, and is actually engaged in a trade or business utilizing such fictitious business name or a confusingly similar name in that county.
 
 
 [6]
 Cal.Bus. & Prof.Code § 14415 reads as follows:
 § 14415. Corporations; filing of articles of incorporation or obtaining certificate of qualification; rebuttable presumption to exclusive use of corporate name
 The filing of articles of incorporation pursuant to Section * * * 200 of the Corporations Code, in the case of a domestic corporation, or the obtaining of a certificate of qualification pursuant to Corporations Code Sections * * * 2105 and * * * 2106, in the case of a foreign corporation, shall establish a rebuttable presumption that the corporation has the exclusive right to use as a trade name, in the state the corporate name set forth in such articles or certificate, as well as any confusingly similar trade name, if the corporation is the first to have filed such articles or obtained such certificate containing the corporate name, and is actually engaged in a trade or business utilizing such corporate name or a confusingly similar name.
 If a foreign corporation continued to have authority to transact intrastate business pursuant to Section * * * 2102 of the Corporation Code, the foreign corporation shall be considered to have obtained its certificate of qualification pursuant to law for the purposes of this section on the date it first qualified to transact intrastate business in this state.
 
 
 [7]
 Cal.Bus. & Prof.Code § 14416 reads as follows:
 § 14416. Priorities between corporations and registrants
 If, as to the same or a confusingly similar trade name, in a county, there are both a corporation entitled to the rebuttable presumption created by Section 14415 and a registrant entitled to the benefit of the presumption created by Section 14411, whichever has filed the fictitious business name statement, filed the articles of incorporation, or obtained the certificate of qualification first in time, and is actually engaged in a trade or business utilizing such fictitious business name, such corporate name, or a confusingly similar name, shall be entitled to the presumption as against the other, that he has the exclusive right to use such fictitious business name, or such corporate name, or a confusingly similar name, as a trade name in the county where the registrant has filed his fictitious business name statement.